UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON PRUITT,

      Plaintiff,

v.	Case No. 08-C-0366

UNIVERSITY OF WISCONSIN-MILWAUKEE
STUDENT HOUSING AFFAIRS
NEIGHBORHOOD HOUSING,

      Defendant.

**ORDER DENYING MOTION FOR SUMMARY
JUDGMENT WITHOUT PREJUDICE**

      This is an action that was commenced by the *pro se* plaintiff, Aaron Pruitt ("Pruitt"), on April 29, 2008, when he filed a complaint naming the University of Wisconsin-Milwaukee, Student Housing Affairs Neighborhood Housing as the defendant. Accompanying Pruitt's complaint was a petition to proceed *in forma pauperis*. After his petition to proceed *in forma pauperis* was granted, the defendant was served and a scheduling conference was conducted. At the conclusion of that scheduling conference the court issued an order that set forth, among other things, the date by which any summary judgment motions were to be filed.

      In accordance with the scheduling order, on May 15, 2009, the defendant filed a motion for summary judgment. Under Civil Local Rule 56.2, the plaintiff was to file his response 30 days after service of the motion upon him, to wit, on or about June 15, 2009. To date, the plaintiff has filed nothing in response to the motion. On August 19, 2009, the defendant's counsel filed a letter with the

court requesting that the case be dismissed with prejudice based upon: (1) the defendant's motion for summary judgment; and (2) the plaintiff's "failure to prosecute." *See* Civil L.R. 41.3.[1]

To be sure, at first blush it might appear that the plaintiff has lost interest in prosecuting this case. His failure to respond to the defendant's motion for summary judgment, as well as his failure to respond to the defendant's August 19, 2009 letter, would suggest such to be the case. But it would still not be appropriate for this court to dismiss the action at this time, either on the basis of the defendant's motion or on the basis of the defendant's "failure to prosecute" claim. This is because the defendant's motion for summary judgment did not comply with the provisions of Civil Local Rule 56.1(a). That rule provides as follows:

> (a) If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:
>
> > (1) The motion must include a short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.
> >
> > (2) In addition to the foregoing statement, the text to Fed. R. Civ. P 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be a part of the motion.

And so, the defendant's motion for summary judgment will be denied without prejudice. The defendant's motion may be renewed by filing and serving on the plaintiff a new motion for summary judgment (together with supporting materials) that complies with the provisions of Civil L.R. 56.1.

---

[1] Civil L. R. 41.3 reads as follows:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement within 20 days.

However, the defendant will be ordered to re-file its summary judgment no later than November 16, 2009.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion for summary judgment be and hereby is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that, no later than November 16, 2009, the defendant may re-file its motion for summary judgment.

**SO ORDERED** this 28th day of October, 2009 at Milwaukee, Wisconsin.

                                       **BY THE COURT:**

                                       s/ William E. Callahan, Jr.
                                       WILLIAM E. CALLAHAN, JR.
                                       United States Magistrate Judge